IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PAUL STILE and CATHERINE STILE,        CASE NUMBER:

    Plaintiffs,

vs.

TESLA FLORIDA, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, **PAUL STILE and CATHERINE STILE**, by and through their undersigned counsel, complaining of the Defendants herein, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PAUL STILE

1. At all times herein mentioned, Plaintiffs were, and still are, residents of the County of Palm Beach, State of Florida.

2. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, maintains a principal place of business which is owned by the company and is located in the state of Florida.

3. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, maintains a principal place of business which is owned by the company and is located at the premises known as and by the street address of Town Center of Boca Raton, 6000 Glades Road, #1121a, Boca Raton, Florida 33431.

4. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, maintains a place of business which is owned by the company and is located at the premises known as and by street address of Town Center of Boca Raton, 6000 Glades Road, #1121a, Boca Raton, Florida 33431.

# EXHIBIT A

5. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, was the owner of a 2016 motor vehicle bearing vehicle identification number 5YJSA1EH6GF128262, bearing Florida dealer plate number PF121C.

6. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, its agents, servants and / or employees operated the aforesaid motor vehicle.

7. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, its agents, servants and/or employees hired "John Doe", said name being fictitious and intended to be the defendant's employee, who administered the test drive to the Plaintiff Paul Stile and operated and/or demonstrated the aforesaid motor vehicle to said Plaintiff.

9. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, its agents, servants and/or employees managed the aforesaid motor vehicle.

10. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, its agents, servants and/or employees operated the aforesaid motor vehicle.

11. At all times herein mentioned, Defendant **TESLA FLORIDA, INC.**, its agents, servants and/or employees controlled the aforesaid motor vehicle.

12. At all times herein mentioned, Plaintiff **PAUL STILE** was a passenger in the vehicle owned, operated and/or controlled by Defendant **TESLA FLORIDA, INC.**, its agents, servant and/or employees.

13. At all times herein mentioned, between Butts Road and Glades Road, Boca Raton, were public streets, roadways and/or thoroughfares in the State of Florida., (Hereinafter "Location").

14. That on April 26, 2016, Defendant **TESLA FLORIDA, INC.**, its agents, servants and/or employees was giving a test drive to Plaintiff **PAUL STILE**, while Defendant's employee, John

Doe, was operating and/or controlling its motor vehicle at the aforesaid location with the Plaintiff travelling in same as a seat belted passenger.

15. That on April 26, 2016, the aforementioned motor vehicle was repeatedly and recklessly and without warning and/or consent of the Plaintiff brought to an unanticipated and sudden high rate of speed, causing the Plaintiff to experience excessive gravitational force and then suddenly and without warning, brought the vehicle to sudden multiple and unanticipated full stops, with such force that Plaintiff's person was repeatedly thrown about the passenger compartment of said car with great force.

16. That on April 26, 2016, after the aforementioned motor vehicle was repeatedly and recklessly and without warning and/or consent of the Plaintiff brought to an unanticipated and sudden high rate of speed in an accident and then suddenly and without warning brought to a sudden multiple and unanticipated full stops, the Defendant **TESLA FLORIDA, INC.**, its agent, servant and/or employee, thereafter made a sudden and unanticipated turn with such force that Plaintiff's person was again thrown about the passenger compartment of said car with great force and then the aforesaid driver again brought the aforesaid vehicle to a sudden, unanticipated full stop.

17. That on April 26, 2016, when and after the aforementioned motor vehicle was repeatedly and recklessly brought to an unanticipated and sudden high rate of speed in an accident and then suddenly and without warning brought to sudden multiple and unanticipated full stops and thereafter made a sudden and unanticipated turn, as aforesaid, all such with such force that Plaintiff's person was thrown about the passenger compartment of said car with great force, without justification and/or prior warning that it caused an unreasonable amount of harm to Plaintiff **PAUL STILE**, causing him to seek immediate medical attention.

18. That the aforesaid harm to Plaintiff was caused by the Defendant **TESLA FLORIDA, INC.'S**, negligent hiring of the aforesaid John Doe drives, and/or upon information and belief, has caused Plaintiff **PAUL STILE** to seek extensive medical treatment.

19. That the Plaintiff did not knowingly authorize or consent to the aforesaid employee of Defendant **TESLA FLORIDA, INC.**, to operate the aforesaid motor vehicle in such a negligent manner that it would cause and/or activate injuries, causing the Plaintiff to undergo medical treatment and pursue multiple surgeries in an attempt to reduce the pain he is enduring as a consequence of said negligently administered test drive by the aforesaid Defendant, its agents, servants, employee and/or assigns.

20. That as a result of the aforesaid test drive, Plaintiff **PAUL STILE** was injured.

21. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the aforesaid Defendant, its agents, servant and/or employees, without any fault or negligence on the part of the Plaintiffs contributing thereto.

22. That Defendant **TESLA FLORIDA, INC.**, was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle, and the said Defendant was otherwise negligent, careless and reckless in the hiring, training and supervision of the employee, "John Doe", operator of the aforesaid vehicle, and was otherwise negligent under the circumstances then and there prevailing.

23. Defendant, **TESLA**, is strictly liable under Florida's *respondeat superior* doctrine for all negligent acts committed by the driver, within the course and scope of his employment with **TESLA**, including, but not limited to:

   a. The driver failing to operate the motor vehicle in a safe and reasonable manner;

b.  The driver failing to obey traffic signals, signs and/or properly yield the right of way to oncoming traffic;

c.  The driver failing to keep an adequate and proper lookout for oncoming and concurrent traffic and to take reasonable precautions;

d.  The driver failing to operate the motor vehicle in compliance with state and local traffic laws;

e.  The driver creating a hazardous condition which would, by any reasonable person, result in a severe injury or death, and;

f.  Failing to properly and safely maintain the vehicle.

24. As a direct and proximate result of the negligence and carelessness of the driver for which Defendant, **TESLA**, is vicariously liable, Plaintiff, **PAUL STILE**, suffered severe and permanent injuries in and about his body.

25. As a direct and proximate result of the negligence and carelessness of the driver for which **TESLA** is vicariously liable, Plaintiff, **PAUL STILE**, has sustained significant medical expenses, was disabled, disfigured and suffered mental anguish, pain and suffering and incurred a loss of the capacity for the enjoyment of life. All of said losses are permanent and continuing in nature.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, **TESLA**, in excess of the minimal jurisdictional limits of this Court, exclusive of costs, interest, and attorneys' fees to maximum extent allowed by law, and demand trial by jury of all issues so triable.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF CATHERINE STILE

26. That at all time herein mentioned, Plaintiff **CATHERINE STILE** repeats, reiterates and realleges each and every allegation contained hereinabove as though set forth herein at length.

27. Plaintiff **CATHERINE STILE** is the spouse of Plaintiff **PAUL STILE** and as such is entitled to the services, society, companionship, consortium and support of the Plaintiff **PAUL STILE.**

28. That by reason of the foregoing Plaintiff **CATEHRINE STILE** was deprived of the services, society, companionship, consortium and support of Plaintiff **PAUL STILE** is a sum which exceeds the jurisdictional limits of all lower court which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs, **PAUL STILE and CATHERINE STILE**, demands judgment for damages against Defendants, **TESLA FLORIDA, INC.**, herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of action.

RESPECTFULLY submitted this 12th day of August, 2019.

Zeb Goldstein, Attorney
Florida Bar Number: 577316
MORGAN & MORGAN
*Attorneys for Plaintiffs*
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: 954-318-0268
Fax: (954) 210-7380
ZGOLDSTEIN@forthepeople.com
MROWWLETTE@forthepeople.com
CCarter@forthepeople.com